## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Number: 12-_____** |
| **v.** | : | **Date Filed:_____** |
| **DOMEEN FLOWERS** | : | **VIOLATIONS:** |
| | | **18 U.S.C. § 1028A (aggravated** |
| | : | **identity theft - 1 count)** |
| | | **26 U.S.C. § 7213A (a)(1)(A)** |
| | : | **(unauthorized inspection of tax** |
| | | **returns and return information - 4** |
| | | **counts)** |
| | : | **26 U.S.C. § 7213(a)(1) (unauthorized** |
| | | **disclosure of tax returns and return** |
| | : | **information - 3 counts)** |
| | : | **18 U.S.C. § 1341 (mail fraud - 1 count)** |

## I N D I C T M E N T

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment:

1.      The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury charged with the responsibility of collecting taxes and enforcing tax laws.

2.      The Integrated Data Retrieval System ("IDRS") was a electronic data base, which stored on computer servers, tax returns and return information, including the names, addresses and social security numbers of United States taxpayers.

1

## DISCLOSURE AND INSPECTION OF FEDERAL
## TAX RETURN INFORMATION

3.      Title 26, United States Code, Section 6103(a), imposed a confidentiality requirement upon federal tax return information in the possession of the Internal Revenue Service.

4.      Accompanying this confidentiality requirement was a prohibition placed upon officers and employees of the United States who were prohibited from disclosing tax return information except for reasons that are specifically set forth in 26 U.S.C. Section 6103(h) (*disclosure to certain federal officers and employees for purposes of tax administration*) and (I) (*disclosure to federal officers or employees for administration of federal laws not relating to tax*).

5.      Tax return information included, among other things, a taxpayer's identity, the nature, source or amount of his income, payment, receipts, deductions or any other data, received by, recorded by, prepared by or collected by the Secretary of the United States Treasury.

6.      IRS employees were also required to attend, and successfully complete, an annual training program regarding the use of IRS computers.

7.      The purpose of the program was to acquaint IRS employees with statutory rules and IRS policies governing unauthorized access into IDRS and inspection and disclosure of tax returns and taxpayer return information within the parameters of 26 U.S.C. Section 6103(h) and (I).

2

8.      After successfully completing the program, each employee was given a Certification of Annual Unauthorized Computer Access Awareness Briefing.

## THE DEFENDANT

9.      Defendant DOMEEN FLOWERS was hired by the IRS as a mail room clerk on or about July 9, 2007.

10.     Shortly after being hired by the IRS, defendant DOMEEN FLOWERS successfully completed the IRS's computer awareness program.

## ILLEGAL/UNAUTHORIZED ACCESS INTO IDRS

11.     On the date her employment started with the IRS, defendant DOMEEN FLOWER was renting a house from "E.R." located at 2916 Hale Street, Philadelphia, PA 19149.

12.     After acquiring her tenancy from "E.R." at 2916 Hale Street in Philadelphia, defendant DOMEEN FLOWERS acquired Internet connectivity from the Comcast Corporation ("Comcast").  The IP address assigned to the defendant's computer by Comcast was 172.163.107.60.

13.     Defendant DOMEEN FLOWER accessed the IDRS system and obtained tax return information belonging to "E.R." in violation of 26 U.S.C. Section 6103(h) and 6103(i).

14.     Defendant DOMEEN FLOWERS used her Comcast connection to access the Internet to, among other things, apply for credit cards in the name of "E.R."

3

15.     On or about June 4, 2009 in the Eastern District of Pennsylvania and the Middle District of Florida,  defendant

**DOMEEN FLOWERS**

knowingly and without lawful authority, used, and aided and abetted the use of, a means of identification of another person, that is, "E.R.", a real person, whose tax return and return information was stored on a server in IDRS during and in relation to access device fraud.

In violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(4) and 2.

## <u>COUNTS TWO THROUGH FIVE</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

1.      Paragraphs 1 through 14 of Count One are incorporated here.

2.      On or about the dates listed below in the Eastern District of

Pennsylvania and the Middle District of Florida, defendant

### DOMEEN FLOWERS

willfully inspected tax return and return information in a manner contrary to Title 26,

United States Code, Section 6103, of taxpayers set forth in the following counts:

| Count | Taxpayer's Account Inspected | Date of Unauthorized Inspection |
|-------|------------------------------|----------------------------------|
| 2 | E.R. & D.R. (wife and husband) | May 26, 2009 |
| 3 | E.R. & D.R. (wife and husband) | June 19, 2009 |
| 4 | E.R. & D.R. (wife and husband) | June 26, 2009 |
| 5 | D.W. | June 19, 2009 |

All in violation of Title 26, United States Code, Sections 7213A(a)(1)(A), (b)(1).

5

## COUNTS SIX THROUGH EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

      1.     Paragraphs 1 through 14 of Count One of are incorporated here.

      2.     On about the dates listed below in the Eastern District of Pennsylvania and the Middle District of Florida, defendant

### DOMEEN FLOWERS

willfully disclosed, and aided and abetted the disclosure of, tax return and return information in a manner contrary to the requirements of Title 26, United States Code, Section 6103, set forth in the following counts:

| Count | Taxpayer's Initials | Date Disclosed | Entity Whom Disclosure was made |
|---|---|---|---|
| 6 | E.R. & D.R. (wife and husband) | June 1, 2009 | First Premier |
| 7 | E.R. & D.R. (wife and husband) | June 4, 2009 | Capital One Visa |
| 8 | E.R. & D.R. (wife and husband | June 24, 2009 | Home Shopping Network (HSN) |

      All in violation of Title 26, United States Code, Sections 7213(a)(1) and 2.

## COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times relevant to this indictment:

1.      Paragraphs 1 through 2 and 9 through 14 of Count One are incorporated by reference here.

2.      On or about June 4, 2009, defendant DOMEEN FLOWERS applied for a Capital One Visa credit card in the name of E.R. by completing an on-line credit card application.  In completing the application, defendant FLOWERS used the tax payer return information belonging to E.R. that she had obtained through the IDRS and listed her address as 2916 Hale Street, Philadelphia, Pennsylvania, the address of the house that FLOWERS rented from E.R.

3.      On or about June 14, 2009, defendant DOMEEN FLOWERS obtained a Capital One Visa credit card, account number xxxxxxxxxxxx0834 in the name of E.R. (hereafter, "the credit card") with a credit limit of $15,000.

4.      On or about June 15, 2009, defendant DOMEEN FLOWERS caused a series of purchases to be charged to the credit card aggregating approximately $220.

5.      On or about June 15, 2009, Capital One placed a hold on the credit card after defendant DOMEEN FLOWERS attempted to use the credit card to pay an outstanding debit to the Philadelphia Gas Works in the amount of $1002.95.

6.      On or about June 15, 2009, Capital One mailed a letter addressed to

E.R. at 2916 Hale Street, Philadelphia, Pennsylvania.  In the letter, Capital One advised

E.R. that it had placed a hold on the credit card account.  The letter further advised: "In

order to remove this hold,, we will need the following documents from you to verify

information on your personal credit file: a copy of a valid driver's license or state issued

I.D. card; a copy of a valid Social Security card; a recent utility bill showing current

mailing address."

### THE SCHEME

From on or about June 4, 2009 to on or about July 1, 2009, defendant

### DOMEEN FLOWERS

devised and intended to devise a scheme to defraud and to obtain money and property by means

of false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

3.      After accessing IDRS to obtain E.R.'s taxpayer information,

defendant DOMEEN FLOWERS used E.R.'s personal identifying information to apply

for a credit card in E.R's name without having previously obtained the approval of E.R.

4.      Defendant DOMEEN FLOWERS used the credit card to purchase

items for her own benefit or the benefit of others.

5.      In order to continue making purchases on the credit card, defendant

8

DOMEEN FLOWERS attempted to remove the hold placed on the credit card account by Capital One by fraudulently acquiring from E.R. additional identifying information.

6.     Defendant DOMEEN FLOWERS prepared a bogus letter on IRS letterhead to E.R. which falsely informed E.R. that the IRS would audit her tax returns unless she faxed to the IRS copies of a valid driver's license or state issued I.D. card and a valid Social Security card.  In the letter, defendant FLOWERS instructed E.R. to fax copies of the documents to a fax machine located in FLOWERS' work area within the IRS workspace.

7.     Defendant DOMEEN FLOWERS caused the bogus letter to be mailed to E.R.'s home address in an IRS envelope.

8.     On or about June 26, 2009, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**DOMEEN FLOWERS**

for the purpose of executing the scheme described above, and attempting to do so, and aiding and abetting its execution, knowingly caused to be delivered by mail according to the directions thereon, a letter from the IRS to E.R., which falsely represented that the IRS would conduct an audit of E.R.'s tax returns unless E.R. promptly faxed to the IRS additional information, including copies of Social Security cards and Pennsylvania identification, when, in fact, the IRS had no need for such documents or plan to conduct an audit, and defendant FLOWERS intended to acquire the additional information in order to cause Capital One to lift a hold it had placed on

9

a credit card that FLOWERS had fraudulently acquired in E.R.'s name.

In violation of Title 18, United States Code, Sections 1341and 2.

**A TRUE BILL:**

_____

**GRAND JURY FOREPERSON**

_____

**ZANE DAVID MEMEGER**
**UNITED STATES ATTORNEY**

10